**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Gary Harrington and Tonya Williams Harrington | |
| Plaintiffs, | Civil Action No.:    3:21-897-JFA |
| v. | |
| Osman Ali, J&B Express, LLC, and Second City Transportation Leasing, LLC, a\k\a Second City, | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |
| Defendants. | |

This is an action for personal injuries arising out of a tractor trailer collision that occurred on April 17, 2018.  The Plaintiff, upon information and belief, respectfully alleges and will show the following:

1.      Plaintiff Gary Harrington sustained serious personal injuries as a result of a tractor trailer collision that occurred shortly before five o'clock in the morning of April 17, 2018 on Interstate 20 in Richland County.

2.      Plaintiffs,  Gary Harrington and Tonya Williams Harrington, are citizens and residents of Richland County, State of South Carolina.

3.      Defendant J&B Express, LLC, USDOT Number 2643530 (hereinafter "J&B Express"), is a foreign corporation.  It is organized and existing under the laws of the State of Michigan and maintains agents and servants in the State of Michigan for the purpose of carrying on its business of for hire general freight transportation throughout the country.

4.      J&B Express has appointed a registered agent for service of process in the State of South Carolina, APS Process Servicing, in care of Tisha Ford Harris, 730 Hillcrest Avenue,

Columbia, SC 29203.  Once served with process, J&B Express is subject to the jurisdiction and venue of this Court.

5.     Second City Transportation Leasing, LLC a\k\a Second City (hereinafter Second City), is a foreign corporation.  It is organized and existing under the laws of the State of Delaware and maintains agents and servants in the State of South Carolina for the purpose of carrying on its business of leasing trucks and tractor trailers.

6.     Second City has appointed a registered agent for service of process in South Carolina at Incorp Services, Inc., 317 Ruth Vista Road, Lexington, South Carolina 29073.  Once served with process, Second City is subject to the jurisdiction and venue of this Court.

7.     At the time of the acts and omissions described herein, Defendant Osman Ali (hereinafter "Defendant Ali") resided at 1840 Kenridge Parkway in Decatur, Georgia located in Dekalb County.  Once served with process, he is subject to the jurisdiction and venue of this Court.

8.     At all times pertinent to this Complaint, Defendant Ali was engaged in work activity as an employee, servant, and/or agent of J&B Express and was acting within the course and scope of his employment and was acting in the furtherance of J&B Express' business.

9.     J&B Express enjoyed exclusive possession and control of the tractor it leased from Second City pursuant to a written contract with Second City.

10.     Second City does not have its own motor carrier operating authority through the Federal Motor Carrier Safety Administration.

11.     At all times relevant to the Subject Incident, Defendant Ali was driving under the motor carrier operating authority of J&B Express.

12.     All  Defendants are properly named herein.

2

13.     At all times material to the tractor trailer collision which forms the basis of this action, J&B Express was a for-hire, interstate motor carrier authorized to operate in and through the State of South Carolina for profit pursuant to one or more permits to operate.

14.     Pursuant to 28 U.S.C. Section 1332, this court has jurisdiction based upon complete diversity of citizenship of the parties and based upon the amount in controversy exceeding $75,000.

15.     Pursuant to 28 U.S.C. Section 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Richland County.

## FACTS

16.     On or about the morning of April 17, 2018, Plaintiff Gary Harrington drove his 2009 Chrysler Sebring bearing South Carolina license plate number MST589 on his way to work.

17.     Leading up to the collision, Plaintiff traveled East in the far, right lane of travel which is also known as the slow lane on the interstate.  This portion of Interstate 20 is comprised of three lanes Westbound and three lanes Eastbound.

18.      On the same date and at the same time, Defendant Ali also traveled East on Interstate 20 directly ahead of Plaintiff in the center lane in a 2011 tractor-trailer owned and or leased by his employer, J&B Express, said tractor trailer was bearing Michigan license plate number RB51692.

19.     At all times pertinent, the road was dry and clear for both drivers.

20.     As Plaintiff proceeded in the right lane, remaining visible to Defendant Ali by virtue of his many mirrors, Defendant Ali either decided to make a lane change or, alternatively, failed to maintain his lane and allowed his massive tractor trailer vehicle to drift into the Plaintiff's lane of travel.  He struck the driver side **rear** tire of the Plaintiff's vehicle and sent him shooting

across and in front of Defendant Ali's truck and into the concrete barrier, causing significant damage to the vehicle and injuring Plaintiff.

21.    Defendant Ali failed to safely manage the space around his vehicle and failed to properly scan the right lane for hazards.

22.    There was no mechanical defect of which the driver was aware of or noted in his inspections which contributed to the Subject Incident.

### FOR A FIRST CAUSE OF ACTION
**(Defendant Osman Ali's Negligence)**

23.    Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

24.    At all times material to this case, Defendant Ali was a professional driver with a commercial driver's license.

25.    At all times material to this case, Defendant Ali drove a commercial motor vehicle in interstate commerce and was subject to the applicable South Carolina traffic laws and Federal Motor Carrier Safety Regulations.

26.    Defendant Ali owes Plaintiffs and others on the public roadways a duty of care and violated that duty of care by his careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions, all while acting within the course and scope of his agency, service, or employment.

27.    Defendant Ali drove at a speed higher than what was reasonable and prudent under the circumstances then-existing, in violation of S.C. Code Ann. §56-5-1520, constituting negligence *per se*.

4

28.    Defendant Ali failed to take appropriate steps to safely change lanes, in violation of S.C., Code Ann., §56-5-1900, constituting negligence *per se*. Alternatively, he failed to maintain his lane and account for hazards around his vehicle.

29.    Defendant Ali, while acting as agent and servant of Defendant J&B Express, violated his duty of care and was careless, negligent, grossly negligent, reckless, willful, and/or wanton at the time and place above mentioned in the following particulars:

(a) In failing to maintain a proper and diligent lookout;

(b) In failing to use his mirrors appropriately;

(c) In failing to safely and reasonably manage the space around his tractor trailer;

(d) In failing to provide himself enough time to change lanes, if his exit was nearby;

(e) In failing to make a reasonably safe lane change;

(f) In failing to maintain his lane;

(g) In being inattentive/allowing himself to become distracted;

(h) In driving while fatigued or tired, thereby unable to maintain his full attention on the roadway and his driving;

(i) In driving too fast for conditions;

(j) In failing to apply his brakes in time to avoid colliding with Plaintiff's vehicle;

(k) In failing to take evasive action so as to avoid striking Plaintiff's vehicle;

(l) In failing to blow his horn to warn of his presence leading up to the crash;

(m) In failing to maintain safe and proper control over the tractor-trailer he drove;

(n) In operating a tractor trailer in violation of mandatory laws; statutes; and regulations so as to constitute negligence *per se*;

(o) In failing to use that degree of care and caution that a reasonably prudent truck driver would have used under the same or similar circumstances;

(p) In driving his vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highway at the time and place aforesaid;

(q) In such other particulars as the evidence illuminated by the discovery process and at trial may show.

30.     As a direct and proximate result of Defendant Ali's negligence, as set forth above, Plaintiff suffered serious personal injuries and lost wages from his full time and part time jobs.

31.     Defendant Ali is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

**FOR A SECOND CAUSE OF ACTION**
**(Defendant J&B Express, LLC)**

32.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

33.     At all times material, Defendant Ali was an employee or agent of J&B Express acting within the course and scope of his employment or agency.

34.     J&B Express is liable for the negligent actions and omissions of Defendant Ali pursuant to the doctrine of *respondeat superior* and the rules of agency.

35.     As an employer, J&B Express was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Ali in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company under the same or similar circumstances.

36.     At all times material, J&B Express was an interstate carrier of general freight passing in and through South Carolina and as such, J&B Express was at all relevant times subject to the applicable statutes and regulations of the State of South Carolina.

37.     As an interstate carrier, J&B Express had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Ali, the duty to properly train Defendant Ali, the duty to supervise the hours of service of Defendant Ali, the duty to properly maintain its vehicles (including exclusively leased vehicles like the one Ali was driving), and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

38.     J&B Express was also <u>independently</u> negligent failing to meet its duties and responsibilities under the applicable South Carolina statutes, regulations, and industry standards.

39.     As a direct and proximate result of the negligence of J&B Express, Plaintiff sustained serious personal injuries.

40.     J&B Express is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

41.     Defendant J&B Express independently violated its own duties of care to Plaintiff, and was careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions in the following ways:

      (a)     In hiring a driver without the skill, knowledge, training, and/or experience to properly and safely operate the tractor-trailer;

      (b)     In failing to properly train Defendant Ali to operate the tractor-trailer that was involved in this wreck;

      (c)     In failing to properly supervise Defendant Ali so as to ensure that he could and would safely operate the tractor-trailer on the roadways;

(d)     In negligently entrusting the tractor-trailer to the care, control, custody, and use of Defendant Ali without adequately checking his qualifications to operate this tractor-trailer;

(e)     In negligently entrusting the tractor-trailer to the care, control, custody and use of Defendant Ali without adequately supervising him to ensure that he safely drove and operated the tractor-trailer;

(f)     In failing to have in place adequate and effective policies and procedures to mandate compliance by its drivers with State and Federal statutes, laws, and regulations regarding the operations of tractor-trailers or, if such policies and procedures were in place, in failing to enforce them;

(g)     In failing to have in place an adequate and effective safety management program for the safety and protection of the public lawfully on the roadways;

(h)     In failing to educate and implement a system by which drivers, dispatchers and all levels of the trucking company understand the importance of driver sleep and off duty time to avoid fatigued driving;

(i)     In failing to exercise the degree of care and caution that a reasonable and prudent interstate trucking company would have exercised under the same or similar circumstances; and

(j)     In such other particulars that may be discovered and/or shown in the discovery process and/or trial of this case.

All of the above were the direct and proximate cause(s) of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutory and Common Laws and Regulations of the State of South Carolina.

42.     Each of Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

43.     Accordingly, Defendants are jointly and severally liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants and others from similar conduct in the future.

44.     As a result of both Defendants' acts and/or omissions, Plaintiff Gary Harrington suffered physical harm and injury to his back, neck, head, arms, legs and to other body parts, which have caused and will in the future cause him to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, and permanent impairment of health and bodily efficiency. Furthermore, the wreck and Plaintiff's injuries have caused and will in the future cause Plaintiff to have to spend money for medical services and lost wages.

<u>**FOR A THIRD CAUSE OF ACTION**</u>

**(Negligence of Second City Transportation Leasing LLC, a/k/a Second City)**

45.     Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

46.     At all times material hereto, Defendant Ali was directly employed by Defendant Second City acting within the scope and course of his employment or agency.

47.     In leasing Defendant Ali to Defendant J&B Express, J&B Express exercised exclusive control over Defendant Ali and had the right to control the time, manner and method of his work as a commercial truck driver.

48.     Alternatively, Defendant Second City retained authority to exercise control over Defendant Ali and had the right to control the time, manner and method of his work as a commercial driver.

49.     Should Defendant Second City have retained authority to exercise control over Defendant Ali, Defendant Second City is liable for the negligent actions and omissions of Defendant Ali pursuant to the doctrine of *respondeat superior* and the law of agency.

50.     Defendant Second City owned the tractor and trailer involved in the instant collision.  Defendant Ali drove the tractor and trailer with express or implied permission of Second City Transportation Leasing, LLC.

51.     Defendant J&B Express leased the tractor and  trailer from Defendant Second City and has a written lease agreement with Defendant Second City Transportation Leasing, LLC in accordance with 49 U.S.C. Section 376.12(c)(1).

52.     Defendant J&B Express was in control of and was responsible for ensuring the safety of operations and equipment as if the tractor and trailer were owned by J&B Express.

53.     Defendant J&B Express had exclusive possession, control and use of the tractor and trailer it leased from Second City.

54.     Defendant J&B Express contracted with Defendant Second City for trucks to lease and J&B Express  allowed to lease onto its federal motor carrier operating authority and to use its US DOT Motor Carrier Number – 0460019.

55.     Defendant Second City Transportation Leasing, LLC is not an authorized motor carrier, has not been authorized as a motor carrier and carries no liability insurance.

56.     As Defendant Ali' direct employer, Defendant J&B Express was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Ali in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company under the same or similar circumstances.

57.     In choosing to conduct the business of a motor carrier and in choosing to act as if it was actually a duly-authorized carrier, Defendant Second City  had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Ali, the duty to properly train Defendant Ali, the duty to supervise the hours of service of Defendant Ali,  the duty to properly maintain its vehicles, the duty to entrust a tractor and trailer only to those capable and qualified of handling a dangerous instrumentality, and the

duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

58.     Therefore, Defendant Second City Transportation was also <u>independently</u> negligent failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

59.     Defendant Second City Transportation Leasing, LLC failed in the above-mentioned duties and responsibilities and was therefore independently negligent, grossly negligent, negligent *per se,* careless, reckless, willful and wanton in one or more of the following ways:

(a)     In failing to perform or negligently performing the background, driving record, physical fitness to drive and character investigation by all applicable state and federal laws, statutes, regulations, and industry standards governing the hiring of commercial motor vehicle operators;

(b)     In failing to ensure that Defendant Ali had the proper training and experience to inspect and operate a tractor and trailer in a reasonably safe manner and to conduct responsible trip planning and route selection;

(c)     In failing to perform or in negligently performing the annual performance review, medical evaluation and driving record check required by all applicable state and federal laws, statutes, regulations, and industry standards governing the hiring of commercial motor vehicle operators;

(d)     In negligently supervising Defendant Ali;

(e)     In negligently retaining Defendant Ali in light of information that was or should have been known to this Defendant;

(f)     Because Defendant Second City Transportation Leasing, LLC, knew or reasonably should have known that Defendant Ali was untrained, unskilled, incapable and/or unqualified to drive a commercial motor vehicle, yet permitted him to drive a commercial motor vehicle;

(g)     Because Defendant Second City Transportation Leasing, LLC, knew or reasonably should have known that  Defendant Ali was incapable of complying with the Federal Motor Carrier Safety Regulations and state law, and was therefore, a negligent, grossly negligent, negligent *per se,* and reckless driver;

(h)    In entrusting a tractor and trailer to Defendant Ali when Defendant Second City Transportation Leasing, LLC knew or reasonably should have known that he was incompetent, unskilled, untrained or otherwise unable to drive a commercial motor vehicle in a reasonably safe manner;

(i)    In any such other particulars as the discovery process or the evidence at trial may show.

60.    Defendant Second City Transportation Leasing, LLC, negligently, carelessly and recklessly breached the duties owed to Mr. Harrington and violated the laws intended to protect against and prevent crashes with fellow motorists like him.

61.    As a direct and proximate result of the negligence, gross negligence, negligence *per se,* carelessness, recklessness and/or willful and wanton actions and failures to act committed by Defendant Second City Transportation Leasing, LLC, in the above-referenced ways, Gary Harrington sustained serious personal injuries which ultimately resulted in two-level arthroplasty neck surgery and missed time from work.

62.    Defendant Second City Transportation is liable, jointly and severally, to Plaintiffs Gary and Tonya Harrington, for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs in this case, in an amount deemed appropriate by the jury.

63.    For the reasons cited above and more still yet to be discovered, each of these Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

### FOR A FOURTH CAUSE OF ACTION

### (Tonya Williams Harrington 's Loss of Consortium)

64.    Plaintiffs incorporate all previous paragraphs of this Complaint as if set forth verbatim and in their entirety.

65.     At the time of the above-referenced wreck, Gary Harrington and his wife, Tonya Williams Harrington resided together as husband and wife.

66.     Before the wreck, Plaintiff Gary Harrington performed all of the normal, usual, and expected activities and duties, including general household and yard chores, wage earning, companionship and all other such duties.

67.     Because of his injuries, treatment, surgery, and resulting pain, discomfort, limitations, frustration, and restrictions, Plaintiff Gary Harrington has been, in varying degrees, physically and emotionally unable to do those normal, usual, and expected duties and has been unable to provide the usual companionship.  He has required a great amount of physical care and assistance from his wife, and their relationship, household, and family has been greatly impacted by this wreck and its consequences.  Mr. Harrington has been more morose, more easily upset, and has, in fact, not been as cheerful, industrious, and companionable as a husband as he was prior to April 17, 2018.

68.     As a result of the negligence of Defendants and resulting injuries to her husband, Plaintiff Tonya Harrington has suffered a loss of consortium.

69.     As a direct and proximate result of the aforementioned careless, negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions of these Defendants, both independently and in combination with each other, Plaintiffs are informed and believe that they are entitled to judgment in this matter in a sum to be determined by a jury.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

(a)     A trial by jury;

(b)     For Summons and Complaint to issue against the Defendants;

(c)    For judgment against the Defendants, jointly and severally, to compensate Plaintiff Gary Harrington for his pain and suffering, past, present, and future;

(d)    For judgment against the Defendants, jointly and severally, to compensate Plaintiff Tonya Harrington for her loss of consortium;

(e)    For all such other economic and non-economic losses as may be shown at the hearing of this matter to the full extent allowed under South Carolina law;

(f)    The Harringtons to obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(g)    Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(h)    Court costs, discretionary costs, and prejudgment interest; and

(i)    For all such further and general relief which this Court deems just and proper.


JOYE LAW FIRM, L.L.P.


By:    **s/Melissa G. Mosier**
Melissa G. Mosier (Federal ID#: 11000)
1333 Main Street, Suite 170A
Columbia, SC 29201
mmosier@joyelawfirm.com
Phone: 803-771-3100
Facsimile: 803-451-4921
***Attorney for the Plaintiff***

Columbia, South Carolina


March 29, 2021